956 F.2d 273
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Ronald STILLEY, Defendant-Appellant.
 No. 91-2645.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 27, 1992.
Decided Feb. 28, 1992.
 
 1
 Before CUMMINGS, and EASTERBROOK, Circuit Judges, and SHADUR, District Judge*.
 
 Order
 
 2
 The court affirmed the judgment from the bench and briefly states its reasons. The only issue that has not been waived is whether defendant should have been sentenced using the offense level from the career criminal guideline, and we limit discussion to that question.
 
 
 3
 Stilley pleaded guilty to conspiring to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The maximum penalty is five years' imprisonment. Given the quantity of marijuana involved, guidelines §§ 2D1.1 and 2D1.4 prescribe a range that substantially exceeds five years--exceeds it even after the judge deducts two levels for acceptance of responsibility, see § 3E1.1. So the court sentenced Stilley to 60 months' imprisonment.
 
 
 4
 If the court had used the career criminal table in § 4B1.1, the sentencing range would have been keyed to the statutory maximum. Congress directed the Sentencing Commission to set up rules under which career offenders receive sentences at or near the statutory maximum. When the statutory limit is five years, the offense level for a career offender is 17. Subtract two for acceptance of responsibility and you get 15, which yields a range of 41-51 months. Stilley prefers this to the range derived from the drug quantity tables, and he contends that it should be applied so that judges may reward (and thus encourage) contrition.
 
 
 5
 One opposing sally would be: "Why should a defendant be better off because he has committed more crimes?" Someone "lucky" enough to possess an extensive record of felony convictions (as Stilley does) would receive a sentence less than the maximum, but one with a clean record would be sentenced at the statutory maximum (because the drug quantity tables would apply).
 
 
 6
 Instrumental arguments pro and con do not matter, however. Guideline 4B1.1 provides, in part: "If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply." Under § 4B1.1, the offense level for a career criminal is the greater of the level determined by the substantive guideline and the level spelled out in the career offender table. No surprise; the function of § 4B1.1 is to increase rather than reduce penalties for recidivists. The greater level in Stilley's case came from the drug quantity table, which the district court properly applied. See United States v. Robinson, 935 F.2d 201 (11th Cir.1991).
 
 AFFIRMED
 
 
 *
 Of the Northern District of Illinois, sitting by designation